# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY PADILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA EDUCATION BOARD,<br><br>　　　　Defendant. | Case No. 1:19-cv-00124-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 1, 2)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Mary Padilla ("Plaintiff"), proceeding pro se, filed this action on January 29, 2019, against the State of California Education Board ("Defendant").

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis

1

proceedings which seek monetary relief from immune defendants); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); <u>Barren v. Harrington</u>, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. <u>Iqbal</u>, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678.

///
///
///
///
///

## II.

## DISCUSSION

Plaintiff states her claim as follows:

> Humanity as a whole has forsaken GOD. We as a nation need to acknowledge that God is all knowing, all seeing and give him back full control over the nation he created. "IN GOD WE TRUST"

(Compl. 5, ECF No. 1.)[1] On the civil cover sheet, Plaintiff describes her cause of action as "[h]umanity in general has totally forsakened Almighty God." (ECF No. 1-1.) Plaintiff seeks the following relief:

> State of California needs to acknowledge the teaching of GOD within school grounds. The teaching of GOD and his word should be a great part of school ground teachings, starting with continuing to recite the Pledge of Aligence [sic] "IN GOD WE TRUST"

(Comp. at 6.) In her complaint, Plaintiff brings this action on the basis of federal question jurisdiction. (Compl. 3.) However, where the complaint requests Plaintiff to identify the specific federal statutes, federal treaties, and/or provisions of the U.S. Constitution that are at issue in the case, Plaintiff left the section blank. (Compl. at 4.)

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  (citations omitted)

Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). Plaintiff's allegations are vague, ambiguous, and the complaint fails to state a claim for relief. Although the Federal Rules employ a flexible pleading policy, the Plaintiff must give fair notice to the Defendant and must allege facts that support the elements of the claim plainly and succinctly. It is the duty of Plaintiff to articulate her claim, not the Court or the Defendant to try to decipher what claims Plaintiff is asserting in the action.

It is impossible for the Court to assess Plaintiff's claims because it lacks details explaining what occurred and how Defendant may be responsible, other than a generalized grievance about the lack of god in the nation, or school system. Taken as a whole, the Court cannot determine what, if any, cognizable claims Plaintiff is attempting to bring forward in his complaint. Plaintiff must state the facts of the alleged conduct which purportedly caused harm. Plaintiff must allege the who, what, when, where and why of his claim against the Defendants. Plaintiff's vague list of terms and lack of any factual detail violates Rule 8 of the Federal Rules of Procedure.

Based on the allegations in the complaint, the Court finds that it would be futile to provide Plaintiff with an opportunity to amend the complaint and recommends that this action be dismissed without leave to amend.

## III.

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Along with her complaint, Plaintiff submitted an application to proceed without prepayment of fees. District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If a plaintiff proceeds through § 1915, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28

U.S.C. § 1915(e)(2)(B)(ii). For purposes of § 1915(e)(2)(B)(ii), the same standard for a Rule 12(b)(6) motion is utilized – the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015).

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed in forma pauperis because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

As the Court finds that it would be futile to provide Plaintiff with an opportunity to amend the complaint, the Court recommends that Plaintiff's application to proceed in this action without prepayment of fees be denied.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Plaintiff has failed to state a cognizable claim for a violation of her federal rights. Further, the Court finds that Plaintiff is unable to cure the deficiencies in her complaint and further amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED for failure to state a claim; and

2. Plaintiff's application to proceed without prepayment of fees be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 31, 2019**

UNITED STATES MAGISTRATE JUDGE